Good morning, Your Honors. May it please the Court, my name is Erica Frick and with me at council table is Suzanne Miller. We represent Dr. Chaudhary. At the outset, I wanted to emphasize that the relief Dr. Chaudhary is seeking in this case is very limited. He seeks only to have the procedural bar lifted so that his constitutional claims can be heard on the merits. And as this Court is aware, a first federal habeas petition is a particularly serious matter. Dr. Chaudhary is entitled to this relief for two independently sufficient reasons. Specifically, the problem is that he was 38 days late within the requirements of AEDPA. Actually, 34 days. 34 days. Well, then how does that break down between the library, which I have at 14, is that correct? The library closures were 14 days. Okay, so then the copying side of it would be about 20, is that what you're saying? 24 for copying and mailing between both the state and the federal petitions. Okay, I get 38 out of that. Right, he's entitled to 38 days, but he only needs 34. Oh, he needs 34. Okay. All right, help us with how you get to 34. You need the library plus part of the remaining. Right, he needs the time between when his first state habeas petition was ready to file on April 10th of 1997. The AEDPA period didn't end until April 24th. So he has 14 days there between the copying and the mailing delays. Okay, but the mailbox rule does not apply. That's agreed, is it not? It's not agreed. The mailbox rule definitely applies to the mailing delays. The only issue that's in controversy is that it's closed. With respect to the library, I guess I'm focusing on the library. Right, the library closures is a separate equitable tolling ground. All right, well, isn't the problem with the library argument that you're making that he still could have performed whatever steps he needed to perform without the library being available? No, that's definitely not the case. Well, then what is your argument in the library? The argument is, I mean, certainly he could have filed just a piece of paper with the court without having a library. I mean, you can't – impossibility can't be taken to the extreme. He has to be able to file his petition. And as the Supreme Court has made clear in Bounds and other cases, we can't impose on him – we can't say, well, he could file because he could file an inadequate petition. In this case, the only way – What is the specific prejudice caused to him by the fact that at one point there were 14 days of library closure? The specific prejudice is that he was unable to access in any meaningful way any procedural requirements for his petition, any law books needed to draft his petition. He had, I think it was 24 additional case sites in his federal Hades petition that were not in his state petition. For each of those, he needed a different law volume, which he did not have access to in any meaningful way. What about Judge White's point that, well, you know, all that was in his state petition because it relied on the same law, so he didn't need all that access to the library anyway to prepare his federal petition? Isn't that what Judge White said? Judge White did say that, but in fact, to file a federal petition requires, first of all, a great deal of procedural knowledge that he didn't have from his state petition, which he needed the library in order to find that out. In addition, he had to address the issue of procedural default, which was a new substantive issue, and he also needed the library for that. That's why he has all the new case citations in his federal petition. Judge White didn't address that part of the issue. Now, aside from this tolling argument, you also, I think, rely on an argument that default should be waived because of actual innocence, right? That's right. Judge White also rejected that claim. He did, but he applied the wrong legal standard. He applied a freestanding actual innocence standard rather than the gateway standard and then made a number of additional legal errors in assessing the evidence. When you say he erred by applying the wrong standard, how does that impact this case? He applied the freestanding claim standard, right? Right. He applied the Herrera standard, which requires the petitioner to affirmatively prove his innocence, whereas the gateway actual innocence standard, which has been explained by the Supreme Court in the Schlupp case and also by Chief Judge Schroeder in the Carragher case, is a much lower standard, and Judge White applied the freestanding test, which would require him to affirmatively prove his innocence. That should not have been required here. That's a clear legal error. Well, if we agree with you on that, what do we do? Send it back for Judge White to assess the claim under the correct standard? Can we decide that issue here? This court can decide that issue and did so in the Carragher case, where it was determined as a matter of law that Carragher had met the standard for the gateway actual innocence. In fact, it was decided as a matter of law that he was entitled to a new trial. Well, what's the test for us then? How can we do that here? For the actual innocence for gateway? Well, that's your argument. What's the legal test? Yeah. You're asking us to treat this as an actual innocence gateway claim, which has a different standard, and so I'm asking you what's the standard that we apply. The standard is whether the court can have confidence in the outcome, and the way that's measured, and this is explained in Schlupp and in the Carragher case, is by whether it's more likely than not that no reasonable juror would have convicted the defendant beyond a reasonable doubt, and that was applied in the Carragher case, and that was an en banc decision of this court. No, but what is his claim of innocence here? His claim of innocence is that he is not guilty of the convicted offense, which is second-degree murder. He shot his wife five times, and he was convicted for second degree. Is it do we focus precisely on the terms of second degree and the elements of second degree, or can we look at it in terms of another category of murder? Well, in Boozley, the court made clear that when you're looking at a plea conviction, as in this case, in addition to looking at the convicted offense, the court must also assure itself that he would not be guilty of any other offenses with which he could have been charged that were foregone in the plea. Well, in this case, that would be first-degree murder, but since he's not guilty of second degree, he's also clearly not guilty of first-degree murder. And so does that answer your question? Not very helpfully, no. I'm sorry. Are you saying that under the circumstances of this case, he is not guilty of any crime whatsoever, having to do with the fact that he shot his wife five times? No, that's not our argument. Our argument is that he's guilty of voluntary manslaughter. Okay. Now, in Carragher, the claim was that he had been framed by someone who was a liar, and he never got the information about that person, so that it was a question of whether or not he committed the crime at all. Yeah, your argument, and I think that was true in Schlupf, was it? I guess what's troubling me is your argument is not that he has any kind of claim that he didn't commit the crime. It's simply that it would have been a lower degree. Well, it's a claim that he didn't commit the crime charged in which he was convicted, right? Right. And there's a lot of authority out there that does indicate that. Yeah. What is the strongest authority for that? The strongest authority, whether it's the Jones v. Dalo case from the Eighth Circuit, which holds that if the person's not guilty of the level, of the degree of crime, then actualness and supplies. In the Boosley case, the court made clear with the use and carry distinction that the elements of the particular crime have to be satisfied. And another example would be the Jaramillo case, which we filed a 28-J letter on, is that he was arguing self-defense, but there's no dispute that he committed the actus reus of the offense. Okay. Yeah, Ms. Frick, on the Schlupf gateway claim, don't you have to show that there's some new evidence, and isn't the evidence you rely on primarily these two doctor reports, not new evidence? Actually, we rely on more than just the psychological reports. There's also the 911 transcript, which I think is the most probative evidence that we have of his intent. We also have evidence of his wife's provocative behavior. Well, why is all that new evidence? And that's new evidence because, as this court and the Supreme Court have made clear, the evidence is new because it was not presented to the fact finder. It does not need to be newly discovered. And that is true in Schlupf, where the evidence was available at the time of the trial and the attorney just failed to get the evidence. That's also been held in this court in the Sistrunk case. So new just means not previously presented to the fact finder. That's right. Not the same as new evidence. That's right. Counsel, you have used your time. Thank you. Thank you. Good morning. May it please the Court. Nanette Winokur, Deputy Attorney General for Respondent. Just a couple of quick points. First, I'd like to respond to counsel's argument on the library closure, and I'd like to just clarify that what basically Petitioner is arguing is just that the 14 days of library closure made it a little bit harder for him to file his petition. I think as noted in our brief and as noted in Justice White's opinion, he raised exactly the same claims he'd raised before at least three times, I believe, and he had at least 40 federal sites. So clearly this petition was ready to go, and the fact that Petitioner wanted to add some more sites to it does not make it anywhere near an extraordinary circumstance where he should be entitled to equitable tolling. I'd also like to comment on counsel's claim that Justice White relied on the Herrera standard in error in the opinion, and I would say that looking at the opinion that's not the case, while Justice White cited Herrera as boilerplate. I'm sorry. You're confusing me. Are you talking about Judge White? Judge White, yes. I'm sorry. He did cite Herrera for boilerplate, but clearly his concluding sentence, which is the evidence submitted to Petitioner fails to establish that no reasonable juror would have convicted him of second-degree murder, shows that the court clearly relied on the standard in schlupf. So I'd like to point that out to the court. And again, just quickly, I would like to say that however way counsel frames the issue, this is clearly a case of or Petitioner is clearly claiming insufficient evidence. Petitioner is ignoring the evidence that supported a first-degree murder conviction and pointing to evidence that shows that he could have possibly been convicted of voluntary manslaughter, heat of passion, and that's not the standard that we use in this court. Unless there are any questions, I'll submit. Thank you. The case just argued is submitted for decision.
judges: Schroeder, O'scannlain, Tashima